THIRD DEPARTMENT, OCTOBER, 1994

(October 12, 1994)

In the Matter of BERNARD S. BERKOWITZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [617 NYS2d 375] —Per Curiam. Respondent was admitted to practice by this Court in 1956. He practices law in New Jersey, where he was admitted in 1957.

Petitioner, the Committee on Professional Standards, moves for an order reciprocally disciplining respondent based upon

his public reprimand by the New Jersey Supreme Court on June 17, 1994, and directing respondent to register as an attorney and to pay due and owing registration fees.

It appears from the papers submitted by the parties that respondent is a partner in a large New Jersey firm he joined in 1957, Hannoch Weisman. He served for many years as corporate counsel for Palmer Asphalt, a New Jersey company. At the company's annual meeting in December 1988, held at Hannoch Weisman's offices, one of the company's principals, Lewis Ripps, raised the proposal of another company, Bay Bridge Associates, for a mixed use development which might have adversely affected Palmer Asphalt's real property. The proposed development would have surrounded on three sides a warehouse owned by Palmer Asphalt and would have required rezoning of at least the areas proposed for development from heavy industrial to residential and mixed use. The warehouse serviced a manufacturing plant across the street owned by Palmer Asphalt. Ripps stated that Bay Bridge Associates was represented by James P. Dugan, Esq., one of respondent's partners at Hannoch Weisman. At a subsequent meeting in February 1989, set up by respondent at Ripps' request, and attended by respondent, Ripps, and attorney Dugan, the proposed development was further discussed. After the meeting, but on the same day, Ripps discovered that the local planning board had the proposed development on its agenda for the next evening. Ripps and respondent agreed on the telephone that respondent should not represent Palmer Asphalt before the board. Ripps then retained another attorney to appear before the board. At the planning board meeting, Ripps discovered that attorney Dugan was a principal in Bay Bridge Associates.

In its decision publicly reprimanding both respondent and Dugan, the New Jersey Supreme Court concluded that the potential for conflict if respondent and Dugan continued to represent their respective clients should have been obvious to them in December 1988. Their clients' interests would be in jeopardy if they did not act promptly to resolve the apparent conflict. Respondent and Dugan failed to do so. Further, both respondent and Dugan misled Ripps by ignoring or minimizing the conflict based on the mistaken notion that no conflict would exist unless Palmer Asphalt decided to actually oppose the proposed zoning change. According to the court, such a decision itself required legal advice which respondent and Dugan could not ethically furnish because of their conflicting loyalties. The court found some harm to Palmer Asphalt in

that Ripps was forced to hire an attorney at the last minute to appear before the planning board. Respondent does not challenge the decision of the New Jersey Supreme Court.

Respondent admits that he has never registered as an attorney in New York State and never paid a registration fee. He states his omissions have been unintentional.

In view of the ample findings of fact and conclusions of law supporting the imposition of discipline in New Jersey, we find the imposition of reciprocal discipline upon respondent pursuant to section 806.19 [22 NYCRR 806.19] of this Court's rules warranted. We further conclude that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey.

We also grant petitioner's motion for an order directing respondent to register as an attorney and to pay all registration fees due and owing.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion is hereby granted; and it is further ordered that respondent be and hereby is censured; and it is further ordered that respondent is hereby directed to register as an attorney pursuant to Judiciary Law § 468-a and to pay all due and owing attorney registration fees as calculated by the attorney registration unit of the Office of Court Administration.